**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

AXEL SANTANA-JUSINO

    Plaintiff,

        v.                          CIVIL NO.: 15-2686 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

      Pending before the court is Axel Santana Jusino's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. Plaintiff—who applied for disability alleging a left knee abscess, osteomyelitis of the left knee and tibia, and depression—contends that the administrative law judge erred in discounting the opinion of Dr. Emigdio Iñigo Fas, the treating physician, and in impermissibly relying on "raw" medical evidence in making her residual functional capacity finding.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

      On August 24, 2011, Plaintiff filed an application for Social Security benefits alleging that on July 28, 2010 ("the onset date"), he became unable to work due to disability. Tr. 366.[1] Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. Tr. 14. Prior to becoming unable to work, Plaintiff was a fast food worker and sewer line repairer. Tr. 34. The claim was denied on June 8, 2012, and upon reconsideration on February 28, 2013. Tr. 50–55. Thereafter, Plaintiff requested a hearing, which was held on November 1,

---

[1] "Tr." refers to the transcript of the record of proceedings.

2013, before Administrative Law Judge Emily Ruth Statum (hereafter "the ALJ"). Tr. 30–35.

On February 13, 2014, the ALJ issued a written decision finding that Plaintiff was "not under a

disability, as defined in the Social Security Act, from July 28, 2010, through the date of this

decision." Tr. 22. Thereafter, Plaintiff requested review of the ALJ's decision. Tr. 7. Plaintiff's

request for review was denied by the Appeals Council, rendering the ALJ's decision the final

decision of the Commissioner of Social Security, subject to judicial review. Tr. 1–6. Plaintiff

filed a complaint on October 30, 2015. ECF No. 1. Both parties have filed supporting

memoranda. ECF Nos. 16; 17.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for

disability benefits, a district court "shall have power to enter, upon the pleadings and transcript

of the record, a judgment affirming, modifying, or reversing [that decision], with or without

remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to

determining whether the ALJ employed the proper legal standards and whether her factual

findings were founded upon sufficient evidence. Specifically, the court "must examine the

record and uphold a final decision of the Commissioner denying benefits, unless the decision is

based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F.

Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76

F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by

substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his

age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that the plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

## III. THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff did not engage in substantial gainful activity in 2011, but engaged in substantial gainful activity in 2010 and 2012. Tr. 16. At step two, the ALJ determined that "during the requested closed period, [Plaintiff] had the following severe impairments: left knee cellulitis, left knee prepatellar septic bursitis, right knee abscess with left knee arthrotomy, drainage of abscess and patella repair, thrombocytopenia, and a methicillin-resistant Staphylococcus aureus infection." Id. (citations omitted). At step three, the ALJ found that "during the requested closed period, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 18–19. Next, the ALJ determined that

> during the requested closed period, [Plaintiff] had the [RFC] to perform the full range of sedentary work as defined in 20 CFR 404.1567(a), which would require lifting and/or carrying 10 pounds occasionally, sitting about 6 hours in an 8-hour workday, and standing or walking about 2 hours in an 8-hour workday, but with no limitations pushing or pulling.

Tr. 19. At step four, the ALJ determined that during the requested "closed period," Plaintiff could not perform any past relevant work. Tr. 21. Though a vocational expert was present at the hearing, the ALJ did not present Plaintiff's RFC limitations, as well as his age, education, and work experience to him. Tr. 34–35. Instead, the ALJ considered Plaintiff's RFC, age, education,

and work experience in conjunction with the Medical-Vocational Guidelines.[2]  Tr. 22.  Because

there were jobs that existed in the national economy during the requested "closed period" that

Plaintiff could perform, the ALJ concluded that he was not disabled.  Id.

**IV.    ANALYSIS**

Plaintiff challenges the ALJ's decision with regard to step four of the sequential process.

First, Plaintiff argues that the ALJ erroneously discounted the opinion of the treating physician,

Dr. Iñigo Fas, when determining his RFC.  Second, Plaintiff argues that the ALJ improperly

interpreted "raw" medical evidence in making her RFC finding.

### 1.  Plaintiff's claim that the ALJ erroneously discounted the opinion of the treating physician.

Plaintiff contends that the ALJ should have given more weight to the opinion of the

treating physician, Dr. Iñigo Fas, when determining his RFC.  Dr. Iñigo Fas completed a

questionnaire regarding Plaintiff's impairments.  In her opinion, the ALJ stated that she

> afford[ed] this opinion no weight because it was conclusory and was unsupported by
> [Plaintiff's] treatment history, which showed that his methicillin-resistant Staphylococcus
> aureus was of short duration and resulted in mild to moderate pain.  His abscesses were
> treated with drainage and reduced in site.  I rejected Dr. Iñigo Fas' opinion that the
> claimant needed a cane for walking because it was not supported by the treating records
> in the file.

Tr 21.  Dr. Iñigo Fas also opined in a letter that Plaintiff was disabled.  The ALJ stated that she

"gave little weight to this letter because . . . a physician's opinion on the ultimate issue of

disability is not binding on the Commissioner or on an adjudicator because these opinions are

administrative findings reserved for the Commissioner."  Id.

The disability determination process generally gives "more weight to medical opinions

from [a claimant's] treating sources."  20 C.F.R. § 404.1527(c)(2).  However, the ALJ is not

---

[2] Plaintiff has not challenged the ALJ's decision with regard to step five of the sequential process, so the court will
not address it as part of the analysis that follows.

*required* to give controlling weight to the opinions of treating physicians.  Barrientos v. Sec'y of Health & Human Servs., 820 F.2d 1, 2–3 (1st Cir. 1987); Rivera-Tufino v. Comm'r of Soc. Sec., 731 F. Supp. 2d 210, 216 (D.P.R. 2010).  Rather, the ALJ can give less weight to a treating physician's opinion if she has good reason to do so.  Pagán-Figueroa v. Comm'r of Soc. Sec., 623 F. Supp. 2d 206, 210–211 (D.P.R. 2009) (citing Carrasco v. Comm'r of Soc. Sec., 528 F. Supp. 2d 17, 25 (D.P.R. 2007)).  Specifically, the ALJ may disregard the treating physician's opinion when it is "not supported by medically acceptable clinical laboratory techniques, or [is] otherwise unsupported by the evidence."  Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221–22 (D.P.R. 2003) (citing Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994)).  This remains true regardless of whether the source of the evidence is a non-treating doctor.  Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 n.1 (1st Cir. 1988) (citing Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 130 (1st Cir. 1981)).

Plaintiff argues that the reasons given by the ALJ for discounting Dr. Iñigo Fas's opinion are "general," "vague," and "not specific."  This argument is untenable.

First, in her opinion, the ALJ specifically stated that she afforded Dr. Iñigo Fas's questionnaire no weight because it was unsupported by Plaintiff's treatment history.  In his questionnaire, Dr. Iñigo Fas opined that Plaintiff's pain was constantly interfering with his attention and concentration.  Tr. 524.  However, on January 12, 2011, at a follow-up appointment after obtaining treatment through the State Insurance Fund, Plaintiff rated his pain as a 3 out of 10, with 10 being intolerable pain.  Tr. 474.  By May 9, 2011, after he was admitted to Clínica Española, Plaintiff reported experiencing mild pain.  Tr. 466.  And two days later, on May 12, 2011, Plaintiff was experiencing mild to moderate pain.  Tr. 469.

Second, Dr. Iñigo Fas suggested that Plaintiff could walk less than one block, sit for approximately 45 minutes, and stand for 20 minutes at one time. Tr. 524. He stated that Plaintiff could sit, stand, and walk less than 2 hours in an 8-hour work day. Id. He also suggested that Plaintiff had to use an assistive device while engaging in occasional standing and walking. Tr. 525. Lastly, he stated that Plaintiff could rarely stoop and climb stairs, but could never twist, crouch or squat, and climb ladders. Id. However, treatment notes from November 9, 2010, three months after Plaintiff obtained treatment through the State Insurance Fund, showed that his ability to walk without difficulty improved with treatment. Tr. 111. At Plaintiff's follow-up appointment on January 12, 2011, the doctor observed that Plaintiff walked without difficulty. Tr. 106. Plaintiff was subsequently treated at Clínica Española in May 2011. On May 9, the doctor described Plaintiff's symptoms as improving and he noted that the pallor and the temperature of the abscess area were diminishing. Tr. 466. The next day, the doctor noted a decrease in the radius of the abscess area. Tr. 467. Two days later, on May 12, the abscess area showed no erythema or pallor. Tr. 469. On May 15, the doctor noted that Plaintiff was responding well to treatment. Tr. 472. Finally, on May 18, Plaintiff was discharged with a good prognosis. Tr. 452. All of the above supports the ALJ's conclusion that Plaintiff's "treatment history and the objective medical evidence in the record showed that his conditions improved with medication and that his symptoms were generally controlled with treatment." Tr. 20.

Third, the ALJ stated that she gave little weight to the opinion in Dr. Iñigo Fas's letter that Plaintiff was disabled because his opinion on the issue of disability was not binding. Indeed, conclusions as to whether a claimant is "disabled" and related legal conclusions are administrative decisions that are to be made by the Commissioner, not by medical personnel. 20 C.F.R. § 404.1527(e); see Rivera v. Comm'r of Soc. Sec., Civ. No. 08–2281(JAF), 2010 WL

132329, at *5 (D.P.R. Jan. 8, 2010) ("[W]hile [his physician] believed that Claimant was disabled and unable to work, disability under the Act is a legal determination that is reserved to the ALJ, and medical experts are not qualified to render this ultimate legal conclusion.") (internal citation omitted).

    **2. Plaintiff's claim that the ALJ impermissibly relied on "raw" medical evidence in making her RFC finding.**

As a lay person, an ALJ is not qualified to interpret raw data in a medical record in functional terms. Pérez v. Sec'y of Health & Human Servs., 958 F.2d 445, 446 (1st Cir. 1991). Unless the medical evidence before the ALJ suggests a relatively mild physical impairment posing no significant exertional restrictions to the layperson's eye, the ALJ must measure the claimant's capabilities, a process to which an expert's RFC evaluation is essential. Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17–18 (1st Cir. 1996). Accordingly, the First Circuit has repeatedly held that where the record is bereft of any medical assessment of RFC, and an ALJ reaches conclusions about a claimant's physical exertional capacity nonetheless, her conclusions are not supported by substantial evidence and remand is necessary. Pérez, 958 F.2d at 446. See also Rosado v. Sec'y of Health & Human Servs., 807 F.2d 292, 293–94 (1st Cir. 1986) ("By disregarding the only [RFC] evaluation in the record, the ALJ in effect has substituted his own judgment for uncontroverted medical opinion. This he may not do."); Berrios v. Sec'y of Health & Human Servs., 796 F.2d 574, 576 (1st Cir. 1986) ("[T]he Secretary must have relied heavily if not exclusively on the rheumatologist's report and the two normal myelograms. We cannot decipher the medical jargon in this report and we do not understand the significance of the various clinical tests. We do not think the Appeals Council, composed of lay persons, was competent to interpret and apply this raw, technical medical data."); Lugo v. Sec'y of Health & Human Servs., 794 F.2d 14, 15 (1st Cir. 1986) ("None of the

physicians who examined claimant provided any medical findings concerning the impact of his heart condition on his [RFC]. . . . Neither the Appeals Council nor this court is qualified to make this medical judgment about [RFC] based solely on bare medical findings as to claimant's heart condition."); Rivera-Figueroa v. Sec'y of Health & Human Servs., 858 F.2d 48, 52 (1st Cir. 1988) ("[T]he ALJ appears to have interpreted the medical data himself to conclude that[ ] . . . claimant . . . had the physical capacity to perform a full range of medium work. . . . [W]e question the ALJ's ability to assess claimant's physical capacity unaided even by an RFC assessment from a nonexamining doctor."); Rivera-Torres v. Sec'y of Health & Human Servs., 837 F.2d 4, 6–7 (1st Cir. 1988) ("Where, as here, there is no [RFC] evaluation, . . . we think the ALJ, a lay factfinder, lacks sufficient expertise to conclude claimant has the ability to be on his feet all day, constantly bending and lifting 25 pound weights."); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 19 (1st Cir. 1996) ("[G]iven the illegibility of non-trivial parts of the medical reports, coupled with identifiable diagnoses and symptoms that seem to indicate more than mild impairment, we believe that the record alerted the ALJ to the need for expert guidance regarding the extent of the claimant's [RFC] to perform her particular past employment.").

Plaintiff's contention that the ALJ improperly interpreted "raw" medical evidence in making her RFC finding springs from the fact that the Disability Determination Services did not obtain an RFC assessment from a medical consultant due to its finding that Plaintiff's impairments were non-severe. As described above, the ALJ also discounted the opinion of the treating physician, Dr. Iñigo Fas, regarding Plaintiff's RFC. Further, Dr. Angélica Torres Justiniano, a doctor who provided regular medical care to Plaintiff, stated that he might benefit from reasonable accommodation, but did not give specific functional limitations. The ALJ was

left to determine Plaintiff's RFC without the benefit of medical opinions to that effect. Thus, in determining Plaintiff's RFC, the ALJ in effect "substituted h[er] own judgment for uncontroverted medical opinion," a decision which the First Circuit has clearly and repeatedly frowned upon. Manso-Pizarro, 76 F.3d at 19.

Based on the foregoing analysis, the Commissioner's decision is **REVERSED IN PART** and **AFFIRMED IN PART**. The decision of the Commissioner regarding Plaintiff's RFC was not based on substantial evidence. Therefore, the Commissioner's decision is **VACATED IN PART** and the case **REMANDED** so that the Commissioner may receive and consider additional evidence regarding Plaintiff's RFC. With respect to the weight given by the ALJ to the opinion of Dr. Iñigo Fas, Plaintiff's arguments are rejected and the Commissioner's decision is hereby **AFFIRMED**. This remand does not dictate any outcome with regard to the final finding of disability.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September, 2018.

s/Marcos E. López
U.S. Magistrate Judge